# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUSTIN ELEKWUMA,<br><br>    Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>    Defendant. | Civil Action No. 1:24-cv-03091(WMR)(JSA) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Delta Air Lines, Inc. ("Delta" or "Defendant"), respectfully moves this Court for an order dismissing *pro se* Plaintiff Justin Elekwuma's ("Plaintiff") Complaint in its entirety with prejudice, for failure to state a claim.

### I.   INTRODUCTION

Plaintiff filed a civil action against Defendant on June 10, 2024 in the Superior Court of Gwinnett County, Georgia. (*See* Dkt. No. 1-1.) Defendant was served with the Complaint on June 13, 2024, and timely filed a Notice of Removal within 30 days after receipt of Plaintiff's Complaint. (*See* Dkts. No. 1-2, 1-3.) Because Plaintiff's Complaint fails to state a claim, Defendant moves to dismiss the Complaint in its entirety.

In particular, Plaintiff alleges that he suffered discrimination due to his race, which such claims arise only under federal law pursuant to Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et eq.*, or 42 U.S.C. § 1981 ("Section 1981"). With respect to a claim under Title VII, Plaintiff has failed to allege that he exhausted his administrative remedies and cannot plausibly do so because he did not file a Charge of Discrimination with the Equal Employment Opportunity Commission prior to commencing this action. As such, Plaintiff cannot pursue his "race discrimination" under Title VII and any such claim should be dismissed with prejudice for failure to satisfy this administrative prerequisite. Moreover, Plaintiff's conclusory allegation that he was terminated from his employment with Defendant based on race, without more, is insufficient to state a claim under Title VII or Section 1981. For this additional reason, Plaintiff's Complaint should be dismissed in its entirety.

## II.  FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff alleges that he was hired by Defendant on or about May 15, 2023. (*See* Dkt. No. 1-1, at Claim 1.) He contends that on or about July 12, 2023, a briefing was held by Operation Service Manager, Stephen Charles, which several employees attended. (*Id.* at Claim 2.) Charles apparently asked a staff member to lead the briefing, but the staff member did not want to lead. (*See id.*) Plaintiff alleges that he volunteered to lead, but in response Charles poked him in the chest. (*Id.*) Plaintiff

---

[1] In accordance with Fed. R. Civ. P. 12(b)(6), Defendant assumes in its analysis that the allegations in Plaintiff's Complaint are true only for purposes of this Motion to Dismiss. Nothing herein is or should be construed as an admission by Defendant.

stated, "you should cut your finger nails," to which Charles responded "You're soft now." (*Id.*)

Plaintiff alleges that he reported the incident to an individual identified by name only, John E. Moore, on or about July 18, 2023. (*Id.* at Claim 3.) Plaintiff alleges that Moore told him "I'm glad you showed restraint and did not strike Stephen Charles." (*Id.*) Also on July 18, 2023, Plaintiff states that he had a meeting with Charles, during which Charles stated, "Nah Pimp, I took my truth serum." (*Id.* at Claim 4.) Plaintiff alleges that he responded, "Pimp is derogatory," and should not be said in the workplace. (*Id.*)

Plaintiff alleges that Charles then met with Plaintiff in his office and asked Plaintiff if he had done anything to offend Plaintiff. (*Id.*) Charles allegedly repeated this request three times, with the "first two times being calm and the third time being more aggressive." (*Id.*) Plaintiff claims he told Charles that he "should restrain from saying things that do not need to be said in the workplace [sic.]." (*Id.*) Plaintiff explained that "Pimp" was an offensive term, to which Charles responded he would look into it. (*Id.*)

Plaintiff alleges that on August 1, 2023, a complaint was filed against him based on a threat and he was suspended for a month. (*Id.* at Claim 10.) He states that he was terminated on September 1, 2023. (*Id.* at Claim 12.) On September 5, 2023, Plaintiff alleges that he was given 30 days to appeal and over a month later on

October 10, 2023, he spoke with Terrence Rice, Equal Opportunity Manager. (*Id.* at Claims 8 and 9.) He states Rice told him not to call back and that someone would be in touch with him. (*Id.* at Claim 9.)[2] Plaintiff concludes his Complaint by stating he "was discriminated against due to being African-American." (*Id.* at Claim 11.)

The "Affidavit of Truth" attached to Plaintiff's Complaint largely restates the allegations in the Complaint, however, it also confusingly includes citations to a number of federal statutes that appear to have nothing to do with his claims. Specifically, the affidavit alleges a tort claim in violation of "8 USC 2679(b) of PL 100-694, 102 Stat 45363, 28 USC 2671 (note); 2674, 2679 (note), 2679(b) and (d)," which are provisions of the Federal Employees Liability Reform and Tort Compensation Act of 1988. (Dkt. No. 1-1, at 3.) Plaintiff additionally includes a document titled "Statements asked to Terrence Rice during my EEOC appeal," which appears to be Plaintiff's notes from his meeting with Rice. (*Id.* at p. 7.)

### III. LEGAL STANDARD

Under Rule 12 of the Federal Rules of Civil Procedure, a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain

---

[2] It is not clear whether any response was allegedly forthcoming from Rice. Elsewhere, Plaintiff appears to suggest not as he claims that he did not receive "a response for Charles putting his hands on [him]" and, that he did not receive proof of the person he allegedly threatened. (Dkt. No. 1-1 at Claims 5 and 6.)

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard has two components. *Id.* "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, a complaint must state "a plausible claim for relief" in order to survive a motion to dismiss. *Id.* at 679.[3]

Accordingly, a claim may proceed only where a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal citation omitted).

---

[3] Even "pro se complaints also must comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomm. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

A plaintiff's failure to exhaust administrative remedies may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *See e.g.*, *Williams v. Atlanta Pub. School Sys.*, No. 1:20-cv-2764-SGD-CCB, 2021 WL 12218842, at *1-3 (N.D. Ga. Aug. 17, 2021); *Woodson v. Corning*, No. 1:18-CV-1048-LMM-JSA, 2018 WL 11486929, at *1-3 (N.D. Ga. Nov. 30, 2018); *Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1325 (M.D. Fla. 2013) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997)).

## IV. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY

Plaintiff's Complaint appears to assert a claim for race discrimination. (Dkt. No. 1-1 at Claim 11.) While Plaintiff's Complaint fails to cite to any specific statute under which he allegedly brings this claim,[4] Georgia state law does not recognize a claim for discrimination against a private employer based on race. *See Guilford v. MarketStar Corp.*, No. 1:08-CV-0336-CC-SSC, 2009 WL 10664954, at *9 (N.D. Ga. Jan. 30, 2009), *report and recommendation adopted,* No. 1:08-CV-0336-CC-

---

[4] While Plaintiff's "Affidavit of Truth" cites to a number of federal statutes, (*see* Dkt. No. 1-1, at 3), none of those statutes provide Plaintiff with an avenue to pursue a claim for race discrimination against Defendant as a private employer. Instead, they are various provisions of the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 USC 2671 *et seq.*, which provides an exclusive remedy against the United States for suits based upon certain negligent or wrongful acts or omissions of United States employee committed within the scope of their employment. They have no bearing on the facts alleged here which relate to alleged acts or omissions taken by Plaintiff's private employer and Plaintiff has not properly alleged a claim for relief under any such statute.

SSC, 2009 WL 10664951 (N.D. Ga. Feb. 19, 2009). Accordingly, Plaintiff's claims for race discrimination alleged against his employer must arise under federal law, either Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et eq.*, or 42 U.S.C. § 1981 ("Section 1981").

Plaintiff's Complaint fails to state a claim for race discrimination under either Title VII or Section 1981. As an initial matter, Plaintiff has not alleged that he exhausted his administrative remedies under Title VII as required to state a Title VII claim. Indeed, Defendant has no record that any such Charge of Discrimination was ever filed with the EEOC, such that any Title VII claim in the Complaint should be dismissed with prejudice. Moreover, the Complaint is devoid of any factual information to support a claim for race discrimination under Title VII or Section 1981. Accordingly, Plaintiff's claims must be dismissed.

### A. Plaintiff Failed to Allege Exhaustion of His Administrative Remedies, Requiring Dismissal of his Title VII Claim

Any race discrimination claims arising under Title VII should be dismissed for Plaintiff's failure to exhaust his administrative remedies. Plaintiff fails to plead that he filed, and Defendant has no record of Plaintiff ever filing, a Charge of Discrimination with the EEOC arising out of events occurring during his employment with Defendant. Thus, any Title VII claims must be dismissed.

"Before filing suit under Title VII . . ., a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC." *Anderson v.*

*Embarq/Sprint*, 379 F. App'x 924, 926 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted). In a non-deferral state like Georgia, a plaintiff pursuing a private civil action under Title VII therefore must file a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Gay v. AirTran Airways, Inc.*, 427 F. App'x 743, 745 (11th Cir. 2011) (per curiam) (unpublished) (citation omitted). "If an employee fails to file an EEOC charge before the 180-day limitations period elapses, his . . . subsequent lawsuit is procedurally barred and must be dismissed for failure to exhaust his . . . administrative remedies." *Maxwell v. Inner Harbour, Ltd.*, Civil Action No. 1:08-CV-2925(RWS), 2009 U.S. Dist. LEXIS 33574, at *3 (N.D. Ga. Apr. 20, 2009) (citing *Brewer v. Alabama*, 111 F. Supp. 2d 1197, 1204 (M.D. Ala. 2000)).

Here, Plaintiff has not alleged that he filed, and Defendant has no record of him ever filing, a timely Charge of Discrimination with the EEOC. Plaintiff's failure to exhaust his administrative remedies is fatal to any race discrimination claim based on Title VII. Accordingly, that claim should be dismissed. *Cf. Smith v. Henry Cnty., Ga.*, No. 1:19-CV-1154-ODE-JKL, 2019 WL 12446547, at *5 (N.D. Ga. Nov. 18, 2019), r*eport and recommendation adopted*, No. 1:19-CV-1154-ODE-JKL, 2020 WL 10224371 (N.D. Ga. Mar. 18, 2020) (dismissing complaint for failure to exhaust

administrative remedies where the "[p]laintiff [did] not present[] the Court with any allegation, proposed amendment, or competent evidence that plausibly suggests that he filed a timely charge of discrimination with the EEOC"); *Harris v. Bd. of Trustees Univ. of Ala.*, 846 F. Supp. 2d 1223, 1237 (N.D. Ala. 2012) (citation omitted) ("[A] plaintiff who does not plausibly allege that she successfully exhausted administrative remedies cannot state a claim under Title VII [], and her claims would therefore be subject to dismissal pursuant to Rule 12(b)(6)."); *Maxwell*, 2009 U.S. Dist. LEXIS 33574, at *3 (dismissing claim for failure to exhaust administrative remedies).

### B. Plaintiff Fails to Adequately Allege Race Discrimination Requiring Dismissal of His Claim Under Title VII and Section 1981

The only claim for relief in Plaintiff's Complaint is the conclusory assertion that he "was discriminated against due to being African-American." (Dkt. No. 1-1, at Claim 11.) That lone allegation is insufficient to allege race discrimination under Title VII or Section 1981.

To state a claim for race discrimination under Title VII and/or Section 1981, Plaintiff must allege, at a minimum, facts that would allow the court to draw the reasonable inference that Defendant subjected him to an adverse employment action because of his race. *See* 42 U.S.C. § 2000e-2(a); *see also Iqbal*, 556 U.S. at 678; *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (citation omitted) ("To state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race

discrimination.'"); *Bess v. Dental Scheduling Ctr. Inc.*, No. 3:23-CV-00083-TES, 2023 WL 9051268, at *6 n. 6 (M.D. Ga. Dec. 29, 2023) (explaining the standard at the pleading stage for Title VII discrimination and Section 1981 claims against an employer are the same).

As a result, a complaint "need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case . . . because *McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement," *Surtain*, 789 F.3d at 1246 (citations and internal marks omitted), but the elements of a prima facie case of discrimination are nevertheless a "useful guide" to determining whether the complaint states a plausible claim under *Iqbal* and *Twombly*. *Cf. Hawthorne v. DeJoy*, No. 121CV03885SDGJCF, 2023 WL 5987406, at *4 (N.D. Ga. June 27, 2023), *report and recommendation adopted*, No. 1:21-CV-03885-SDG, 2023 WL 5350781 (N.D. Ga. Aug. 21, 2023) (citation and internal marks omitted). Those elements are: (1) plaintiff is a member of a protected class; (2) plaintiff suffered an adverse employment action; (3) plaintiff was qualified for the job in question; and (4) plaintiff was treated less favorably than other "similarly situated" employees outside of his protected class. *Mathis v. Leggett*, 263 F. App'x 9, 13 (11th Cir. 2008); *Holifield*, *v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997).

Here, Plaintiff's complaint alleges nothing more than that he identifies as being African American and that he suffered adverse employment actions, including

(at least arguably) some sort of complaint being filed against him, a suspension from employment, and the termination of his employment with Defendant. (*See generally* Dkt. No. 1-1). There are no non-conclusory facts to plausibly suggest these alleged adverse employment actions were "because of" Plaintiff's race, whether through allegations of similarly situated comparators being treated more favorably or otherwise.[5]

As a result, Plaintiff's conclusory assertion that he was discriminated against based on race is insufficient to plausibly state a claim for relief under either Title VII or Section 1981 and his Complaint should be dismissed. *Cf. Hawthorne*, 2023 WL 5987406, at *6 (citations omitted) (dismissing complaint where discrimination claim consisted of conclusory statement that supervisor discriminated on the basis of race and gender with no facts to plausibly connect plaintiff's race or gender to the alleged adverse action suffered); *Paquin v. City of Atlanta*, No. 1:21-CV-01073-ELR, 2022

---

[5] While Plaintiff's Complaint describes certain interactions with Charles where Plaintiff was poked in the chest and/or Charles used the term "pimp" (*see* Dkt. 1-1 at Claims 2 and 4), neither of these incidents have any correlation to Plaintiff's race, much less serve to connect Plaintiff's race to any alleged adverse action taken against him. Despite that Plaintiff may find the use of the word "pimp" offensive or derogatory, it is a race-neutral term that cannot plausibly suggest Charles was acting with racial animus. Nor are there any allegations that plausibly suggest Charles, even if he was motivated by racial animus, had any input into any alleged adverse actions taken against Plaintiff or that Charles participated in any way in the complaint against Plaintiff, the decision to suspend Plaintiff, or the termination of Plaintiff's employment. Accordingly, nothing in the Complaint in any way supports a reasonable inference that any adverse employment action was taken against Plaintiff "because of" his race.

WL 22234726, at *6 (N.D. Ga. Mar. 28, 2022) (citations omitted) (adopting report and recommendation granting motion to dismiss where allegations in complaint "lack sufficient factual matter" to support a "reasonable inference" of discrimination); *see also Delk v. Hub*, No. 1:18-CV-5635-MHC-CCB, 2020 WL 10139371 at *5-7 (N.D. Ga. May 27, 2020) ("In the absence of any further non-conclusory facts supporting her age discrimination claim, Plaintiff's allegations are insufficient to establish a plausible claim of age discrimination, and dismissal is appropriate."); *Bell v. State Farm Ins. Co.*, No. 2:18-CV-00015-RWS-JCF, 2018 WL 11476933 at *3 (N.D. Ga. Apr. 18, 2018) ("Plaintiff provides little to no factual support for her belief that these actions were taken because of her race, disability, or in retaliation for engaging in statutorily protected activity. Plaintiff's conclusory allegations of discrimination and retaliation are insufficient to meet the pleading standards of Rule 8, Twombly and Iqbal.").

## V.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: July 19, 2024 　　　　　　　　　　　*/s/ Dominique Saint-Fort*
　　　　　　　　　　　　　　　　　　　　　Dominique Saint-Fort, Bar No. 526306
　　　　　　　　　　　　　　　　　　　　　dsaintfort@littler.com

　　　　　　　　　　　　　　　　　　　　　Rachel P. Kaercher, Bar No. 743007
　　　　　　　　　　　　　　　　　　　　　rkaercher@littler.com

　　　　　　　　　　　　　　　　　　　　　LITTLER MENDELSON, P.C.
　　　　　　　　　　　　　　　　　　　　　3424 Peachtree Road N.E.
　　　　　　　　　　　　　　　　　　　　　Suite 1200
　　　　　　　　　　　　　　　　　　　　　Atlanta, GA  30326.1127
　　　　　　　　　　　　　　　　　　　　　Telephone:　　404.233.0330
　　　　　　　　　　　　　　　　　　　　　Facsimile:　　404.233.2361

　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　Delta Airlines Inc.

## **FONT CERTIFICATION**

Pursuant to Rule 7.1 of the Local Civil Rules for the Northern District of Georgia, the undersigned hereby certifies that this pleading has been prepared in compliance with Local Rule 5.1(C).

*/s/ Dominique F. Saint-Fort*
Dominique F. Saint-Fort
Georgia Bar No. 526306

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and also sent a copy of same via U.S. Mail to *Pro Se* Plaintiff as follows:

Justin Elekwuma
5568 Tunbridge Wells Road
Lithonia, GA 30058
Email: melekwuma@comcast.net

*/s/ Dominique Saint-Fort*
Dominique Saint-Fort
Georgia Bar No. 526306